# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

-v-                                      CASE NO.: 2:92-cr-043
                                              JUDGE SMITH

**SCOTT E. CARPENTER,**

    Defendant.

## ORDER

This matter is before the Court on Defendant Scott Carpenter's *pro se* Motion for Expungement (Doc. 1). The Government has filed a response in opposition to Defendant's Motion (Doc. 2). For the reasons that follow, Defendant's Motion for Expungement is **DENIED**.

Defendant Scott Carpenter was sentenced on June 3, 1992, by Judge Smith to a total of 12 months for knowingly possessing a document with the intent to produce false State of Ohio IDs.

Mr. Carpenter has moved to expunge this conviction, asserting that it was a mistake he made when he was younger. He was making fake Ohio driver's licenses so his friends of a non-legal drinking age could get into bars. Defendant has since turned his life around. He has been married for 18 years and is the proud father of three. He has been employed with Henkel Corporation for 11 years and prior to that, worked for Franklin International for 10 years.

Mr. Carpenter references that this conviction has come up when he had a background check done for his current employment and also when he was asked to coach his son's junior high football team. However, this conviction has not prevented him from obtaining these positions, just that he had to explain his actions. He does express concern that if he were laid off, he might not be able to obtain employment in the current economy.

The Government responds that Defendant Carpenter's conviction was, and still is, valid and should not be expunged. Any harm or inconvenience to him does not outweigh the Government's need, and the Congressional requirement, to maintain criminal records.

No general statutory basis exists for expungement of valid criminal conviction records. Congress has provided for expungement of criminal records only in specific circumstances, such as when a person convicted of a simple possession of a controlled substance and was under age 21 at the time of the offense. *See* 18 U.S.C. § 3607(c); and 21 U.S.C. § 844.

The Court does however have inherent equitable power to order the expungement of criminal records. *See United States v. Doe*, 566 F.2d 391, 393 (6th Cir. 1977); *see also United States v. Wiley*, 89 F. Supp.2d 909, 910 (S.D. Ohio 1999) ("It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case."). Nonetheless, such power is of "exceedingly narrow scope." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972). Courts may use this inherent authority to expunge "provided the case presents extraordinary circumstances." *Geary v. United States*, 901 F.2d 679, 679 (8th Cir. 1990).

Thus, invocation of the courts' inherent power to expunge criminal records is to be reserved only for extreme and compelling circumstances, such as those involving illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained

through governmental misconduct.  *United States v. Robinson*, 79 F.3d 1149, 1996 WL 107129, * 2 (6th Cir. Mar. 8, 1996).  Courts have uniformly denied expungement requests regarding valid convictions.  *Id.*

The limited and cautious use of the judicial equitable expungement power stems from a recognition of the government's strong and legitimate interest in maintaining criminal records. Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General "acquire, collect, classify, and preserve" criminal records. 28 U.S.C. § 534(a)(1).  In addition, maintaining records of valid criminal convictions helps preserve uniform sentencing under the United States Sentencing Guidelines.  For example, sentencing ranges under the Guidelines reflect, in part, a defendant's past criminal history. U.S.S.G. § 4A1.1.  Also, these records assist in the enforcement of certain statutory provisions that deprive convicted felons of important civil rights.  *See, e.g.*, 18 U.S.C. § 922 (prohibiting convicted felons from possessing firearms).  Expungement of criminal records detracts from all of these legitimate governmental interests.

Expungement typically is not appropriate unless unwarranted adverse consequences outweigh the public interest in maintaining criminal records.  In *Wiley*, this Court held that the fact that a felon's criminal record impeded his ability to obtain gainful employment did not justify the expungement of a valid conviction as the current hardship was a natural and probable consequence of his legitimate felony conviction.  89 F. Supp.2d at 911-12.

The Court recognizes Defendant's efforts and ability to turn his life around, however the situation Defendant is in, is a natural and probable consequence of his felony conviction. Defendant has failed to present any hardship that would outweigh the Government's long-

recognized interest in maintaining complete criminal records.  Accordingly, Defendant's Motion for Expungement lacks the extraordinary or extreme circumstances that other courts have found sufficient to justify expungement.  Therefore, the Court **DENIES** Defendant's request for expungement.

The Clerk shall remove Document 1 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

    **IT IS SO ORDERED.**

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**